# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## *Southern Division*

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA, |  |  |
|  | * |  |
|     Plaintiff, |  |  |
|  | * |  |
| v. |  | Case No.: PWG-11-3571 |
|  | * |  |
| ONE 2003 MERCEDES BENZ CL500, VIN WDBPJ75J353A033241, |  |  |
|  | * |  |
|     Defendant. | * |  |
|  | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Pending before the Court is the Motion for Default Judgment and Order of Forfeiture, ECF No. 7, that Plaintiff, the United States of America ("the Government"), filed in this forfeiture *in rem* action against Defendant, One 2003 Mercedes Benz CL500, VIN WDBPJ75J353A033241 ("the Mercedes"). Ms. Gaunzie Cherri Hart, *pro se*, filed a letter with the Court, requesting that the Mercedes be returned to her. ECF No. 8. For the reasons stated below, Ms. Hart's letter, which the Court construes as an Answer, is STRICKEN, and the Government's Motion is DENIED WITHOUT PREJUDICE to resubmission, after compliance with the guidance provided below.

## I.     BACKGROUND

During an investigation into a drug trafficking organization, the Drug Enforcement Administration ("DEA") investigated John Edward Butler, Jr. and learned that he participated in "a violent cocaine trafficking organization" and "negotiated the purchase of 5 kilograms of

cocaine with the DEA CS [confidential source]." Aff. of Task Force Officer Mark D. Howard 1–2. Mr. Butler exchanged $74,780.00 in U.S. currency for half of the cocaine. *Id*. at 3. Surveillance during those negotiations revealed the Mercedes parked in front of Mr. Butler's garage. *Id*. at 2. DEA members executed a search and seizure warrant and at Butler's home and seized "indicia of [Butler's] drug trafficking activities" and documents including the title to the Mercedes. *Id*. at 4. Pursuant to another warrant on July 15, 2011, DEA members seized the Mercedes from in front of Mr. Butler's mother's house, which Mr. Butler used "as a distribution location . . . for cocaine and 'crack' cocaine." *Id*. at 5. The Mercedes was seized as "proceeds traceable to the sale or exchange of controlled substances in violation of 21 U.S.C. § 841" and as a vehicle used in illegal drug activity. Compl. ¶¶ 3 & 5, ECF No. 1.

Task Force Officers interviewed Ms. Hart on July 18, 2011, and she said that she sold the Mercedes to Mr. Butler for $13,500, of which Mr. Butler had paid $4,000 as a down payment. Howard Aff. 5. In the interview, Ms. Hart said that Mr. Butler's mother informed her of the Mercedes's seizure. *Id*. On September 16, 2011, Mr. Butler and Ms. Hart each filed a claim letter in the administrative forfeiture proceeding. Aff. of Asst. U.S. Att'y James Crowell in Support of Gov't Mot. for Entry of Default ¶ 4, ECF No. 5-1.

Thereafter, on December 13, 2011, the Government initiated this action with a Verified Complaint seeking forfeiture of the Mercedes pursuant to 21 U.S.C. § 881(a)(4) and (6). Compl. ¶ 5. The Government mailed copies of the Verified Complaint via certified mail, return receipt requested, to Mr. Butler and Ms. Hart on January 4, 2012. Crowell Aff. ¶ 4, ECF No. 5-1; Notices and Return Receipts, ECF No. 5-2. Ms. Hart signed the return receipt for the Complaint

on January 12, 2012, and Mr. Butler's return receipt was signed on January 9, 2012.[1]  Return

Receipts.  The Notices of Complaint for Forfeiture mailed with the Complaint included

instructions on how to file a verified claim for the property and the deadline for doing so. Notices

¶¶ 3-4.  Specifically, they stated that a verified claim had to be filed within thirty-five days of

receipt of the notice and had to be signed under penalty of perjury.  *Id.*  They also stated that an

answer had to be filed within twenty days of filing a claim.  Additionally, the Government

published notice of this case on www.forfeiture.gov, an official government website, beginning

on January 5, 2012.  Publication 2–3, ECF No. 5-3.  That notice stated that a verified claim had

to be filed within sixty days of the posting and an answer within twenty-one days of filing the

claim. *Id.*

The Government moved for an entry of default on May 15, 2013, and the Clerk entered a

default on May 16, 2013.  The Government filed its Motion for Default Judgment on May 21,

2013.  Ms. Hart wrote her letter requesting the return of the Mercedes on July 9, 2013, and the

Court received it July 10, 2013.  Ltr. 1.  In the letter, Ms. Hart said that she "was recently

notified by John and Juanita Butler that [her] car is available for pick up," and that she did not

"personally receive[] any notification from the courts." *Id.*

## II.    CLAIMING PROPERTY SUBJECT TO FORFEITURE

The proper mechanism for contesting a forfeiture action is set forth in the Supplemental

Rules for Certain Admiral and Maritime Claims, and, as with the other Supplemental Rules,

---

[1] The signature on Ms. Hart's return receipt appears to be the letter "G" followed by a drawing of a heart, and the name of the signor is not printed on the return receipt.  However, given that the mail was addressed to "Gaunzie Cherri Hart," and that "Hart" and "heart" are homophones, it is evident from the first initial "G" and the drawing of a heart that Gaunzie Hart signed for the Complaint.  The signature on Mr. Butler's return receipt is not legible.

strict compliance is required. *United States v. $14,250 U.S. Currency*, No. CCB-12-1252, 2012

WL 6681920, at *1–2 (D. Md. Dec. 21, 2012).

Supplemental Rule G governs a forfeiture action *in rem* arising from a federal statute. Supp. R. G(1). Under Supplemental Rule G(5)(a)(i), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." *See also* 18 U.S.C. § 983(a)(4) (A) (stating a person may claim an interest in seized property in a "manner set forth in the [Supplemental Rules]"). The government may set the deadline for filing a verified claim at 35 days from the date it sends notice of the proceeding to a potential claimant. Supp. R. G(4)(b)(ii). A verified claim contesting forfeiture must accomplish the following: 1) identify the specific property claimed, 2) identify the claimant and state the claimant's interest in the property, 3) be signed by the claimant under penalty of perjury, and 4) be served on the government's attorney. Supp. R. G(5)(a). After filing a claim, a person asserting an interest in seized property has 21 days to serve and file an answer to the complaint for forfeiture. Supp. R. G(5)(b).

The Supplemental Rules "must be strictly enforced." *United States v. $12,914.00 in U.S. Currency*, 828 F. Supp. 2d 822, 824 (D. Md. 2011) (internal citations omitted); *United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir. 1991) (noting that "[c]ourts consistently have required claimants to follow the language of the Supplemental Rules to the letter"). Of the Rule G(5) requirements, the verified claim is the "most significant." *United States v. $12,914.00*, 828 F. Supp. 2d at 824; *see also United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3rd Cir .2007). The requirement serves two purposes: it ensures that all potential claimants come forward quickly and it minimizes the danger of false claims. *United States v. $487,825.00*, 484 F.3d at 664–665.

A claimant who fails to file a verified claim has no standing to contest a forfeiture. *Id*. at 665–66 (holding claimant lacked statutory standing for failure to comply with the Supplemental Rules when claimant filed an answer but no verified claim). Thus, if a claimant has failed to file a qualifying claim within the time limits allowed by law, the district court should strike the answer on the pleadings and enter a default judgment for the government. *See United States v. $23,000*, 356 F.3d 157, 163–64 (1st Cir. 2004) (affirming a default judgment against a claimant who filed an answer, but not a claim).

*United States v. $14,250 U.S. Currency*, 2012 WL 6681920, at *1-2.*

Ms. Hart has filed a letter with the Court.  The Court construes this letter as an answer to the Verified Complaint.  *See* Fed. R. Civ. P. 1; Supp. R. G(5)(b) (requiring interested party to file an answer).  Of import, the letter cannot be construed as a verified claim; it certainly was not signed under penalty of perjury.  *See* Supp. R. G(5)(a).  Thus, Ms. Hart has not filed a verified claim.  *See id.*  For that reason alone, Ms. Hart lacks standing to contest the forfeiture of the Mercedes.[2]  *See United States v. $14,250*, 2012 WL 6681920, at *2.

Moreover, Ms. Hart received notice of this action on January 12, 2012, as demonstrated by the return receipt she signed and contrary to Ms. Hart's statement in her letter that she never received "notification from the courts" of this action.  *See* Notice & Return Receipt; Ltr. 1.  Further, that notice informed her of the requirements and deadline for a verified claim.  Notice ¶¶ 3–4.  Additionally, the Government posted notice on its forfeiture website beginning in January 2012.  Publication 2–3.  Also, according to her own statement on July 18, 2011, Ms. Hart was aware of the seizure of the Mercedes at that time.  Howard Aff. 5.  Nonetheless, Ms. Hart did not file her letter until July 10, 2013, almost eighteen months after receiving notice of this action.  Therefore, Ms. Hart's letter, which the Court construes as an answer, is STRICKEN.  *See United States v. $14,250*, 2012 WL 6681920, at *2.

### III.  DEFAULT JUDGMENT

Rule 55(b) of the Federal Rules of Civil Procedure and Supplemental Rule G4 govern default judgments in forfeiture *in rem* actions. *United States v. $85,000.00 in U.S. Currency*, No. WDQ-10-371, 2011 WL 1063295, at *1 (D. Md.  Mar. 21, 2011).  "Supplemental Rule G(4)(a) provides that a judgment of forfeiture 'may be entered only if the government has published

---

[2] Also, Ms. Hart's ownership interest in the Mercedes is questionable, given that Mr. Butler possessed the title, and Ms. Hart stated that she sold the Mercedes to Mr. Butler. *See* Howard Aff. 5.

notice of the action within a reasonable time after filing the complaint or at a time the court orders.'" *Id.* (quoting Supp. R. G(4)(a)(i)). Publication may be by posting "on an official internet government forfeiture site for at least 30 consecutive days." Supp. R.G. (4)(a)(iii)(B). The Government filed the Verified Complaint on December 13, 2011 and provided notice by publication on www.forfeiture.gov on January 5, 2012, less than one month later. Publication 2–3. The publication appeared on the website until February 3, 2012, a period of thirty consecutive days. *Id.* Thus, the Government published notice within a reasonable time through acceptable means. *See* Supp. R. G(4)(a). "The notice must describe the property with reasonable particularity and state the time to file a claim and to answer." *United States v. $85,000.00*, 2011 WL 1063295, at *1 (citing Supp. R. G(4)(a)(ii)). The notice provided the VIN number for the Mercedes and stated that any interested party had sixty days to file a verified claim and twenty-one days from filing the claim to file an answer. Publication 2. No one other than Ms. Hart has asserted an interest in the Mercedes, Gov't Mot. ¶ 6, and as discussed *supra*, Ms. Hart's answer has been stricken.

If the criteria for notice are met, as they are here, the entry of default judgment is a matter within the Court's discretion. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d

491, 494 (D. Md. 2010); *see United States v. $85,000.00*, 2011 WL 1063295, at \*2; 10A Charles

Alan Wright *et al.*, *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed

established simply because of the default and the court, in its discretion, may require some proof

of the facts that must be established in order to determine liability."); *id.* (explaining that the

Court must "consider whether the unchallenged facts constitute a legitimate cause of action,

since a party in default does not admit mere conclusions of law").

> Civil forfeiture complaints must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed.R.Civ.P. Supp. R. G(2)(f). At trial, the government is required to prove that the defendant property is subject to forfeiture by a preponderance of the evidence. 18 U.S.C. § 983(c). When "the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," it must establish "a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

*United States v. $85,000.00*, 2011 WL 1063295, at \*2.   Therefore, a default judgment is

appropriate if the Government has shown the grounds of forfeiture, i.e., a "substantial

connection" between the Mercedes and illicit drug activity, by a preponderance of the evidence.

*See id.*; *United States v. $3,156.00 in U.S. Currency*, No. L-10-1128, 2010 WL 4719393, at \*1

(D. Md. Nov. 15, 2010).

"'The hurdle imposed by the 'substantial connection' requirement is not . . . a particularly

high one.'" *United States v. 998 Cotton Street, Forsyth County, N.C.*, No. 11-CV-356, 2013 WL

1192821, at \*10 (M.D.N.C. Mar. 22, 2013) (quoting *United States v. Borromeo*, 995 F.2d 23, 26,

*vacated in part on other grounds*, 1 F.3d 219 (4th Cir. 1993)).   Thus, "[r]easonable inferences

may be drawn from the evidence presented to establish a nexus between the Property and drug

activity." *Id.*   Notably, although the property "need not be integral, essential, or indispensable to

[criminal] activity," it still "must have more than an incidental or fortuitous connection to criminal activity." *Id.*

As noted, the Government attached the Affidavit of Task Force Office Howard to its Verified Complaint. The Affidavit shows by a preponderance of the evidence that Mr. Butler, who was engaged in illegal drug activity at the time, paid Ms. Hart $4,000 up front for the Mercedes and agreed to pay her an additional $9,500 incrementally. Howard Aff. 2–5. Additionally, the vehicle was seized in front of a location that Mr. Butler used in drug distribution. *Id.* at 5. Yet, $4,000 is a modest sum compared to the $74,780.00 that Mr. Butler handed over to purchase 2.5 kilos of cocaine during the same time period. The Government has not yet shown by a preponderance of the evidence that this small payment was proceeds from drug transactions. Moreover, the Government has not shown that Mr. Butler drove the Mercedes to and from the drug distribution location or that he drove it to distribute drugs, rather than to visit his mother. Therefore, the Government has failed to establish by a preponderance of the evidence that there was a substantial connection between the Mercedes and Mr. Butler's illegal drug activity.

Accordingly, the Government's Motion for Default Judgment is DENIED without prejudice to refiling it with further facts supporting the connection between the Mercedes and Mr. Butler's illegal drug activity.

## IV.    CONCLUSION

In sum, Ms. Hart's letter, which the Court construes as an answer, it is STRICKEN, and the Government's Motion for Default Judgment is DENIED, without prejudice.

A separate order shall issue.


Dated: July 15, 2013                                         /S/
                                                   Paul W. Grimm
                                                   United States District Judge


lyb