**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                                                        |   |                          |
|--------------------------------------------------------|---|--------------------------|
| **UNITED STATES OF AMERICA,**                          | * |                          |
| Plaintiff,                                             | * |                          |
| v.                                                     | * | Case No.: PWG-11-3571    |
| **ONE 2003 MERCEDES BENZ CL500,**                      | * |                          |
| **VIN WDBPJ75J353A033241,**                            |   |                          |
| Defendant.                                             | * |                          |
|                                                        | * |                          |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Drug Enforcement Administration ("DEA") members seized the vehicle that is the subject of this action, One 2003 Mercedes Benz CL500, VIN WDBPJ75J353A033241 ("the Mercedes") as "proceeds traceable to the sale or exchange of controlled substances in violation of 21 U.S.C. § 841" and as a vehicle used in illegal drug activity, after learning that John Edward Butler, Jr., who held the title to the Mercedes, participated in "a violent cocaine trafficking organization." Aff. of DEA Task Force Officer Mark D. Howard 1–2, 4, 5; Compl. ¶¶ 3 & 5.[1] The Government initiated this forfeiture *in rem* action against the Mercedes, Compl., and filed a Motion for Default Judgment and Order of Forfeiture, ECF No. 7. I concluded that the Government complied with the notice requirements for forfeiture and that there were no properly filed claims as to the Mercedes. Mem. Op. 5–6, ECF No. 9. But, I denied the Government's motion for default judgment without prejudice because the Government had not established by a

---

[1] The Government filed the Verified Complaint and Affidavit together as ECF No. 1.

preponderance of the evidence that there was a substantial connection between the Mercedes and Mr. Butler's illegal drug activity. *Id.* at 8; Order, ECF No. 10.

The Government since has submitted a Renewed Motion for Default Judgment and Order of Forfeiture, ECF No. 16, supported by a Supplemental Declaration, filed under seal, in which Officer Howard states that "BUTLER, Jr.'s only real source of income has been the distribution of cocaine and other narcotics, and that he continued his narcotics operations prior to and during his purchase of the 2003 Mercedes [in June 2011], with a $4,000 cash down payment." Supp. Decl. ¶ 9, Renewed Mot. Att. A, ECF No. 16-1; *see id.* ¶ 20. According to Officer Howard, "[a] financial analysis and investigation of the defendant's wages and earning[s] by law enforcement revealed that BUTLER Jr. had no reported earnings . . . in Maryland, Virginia, or the District of Columbia . . . since at least 2007." *Id.* ¶ 24; *see id.* ¶ 20 ("[Y]our affiant knows through financial investigation and interviews with cooperating sources, including BUTLER, Jr. himself, that BUTLER Jr.'s only source of income during this time was from his drug trafficking. Based on your affiant's years of training and experience, your affiant therefore believes that this car was purchased with proceeds from narcotics transactions."). "To prevail in a civil forfeiture proceeding, the Government must demonstrate by a preponderance of the evidence that the defendant property is subject to forfeiture, either as proceeds of an illegal drug transaction, or as property used to facilitate an illegal drug transaction." *See United States v. $63,289.00 in U.S. Currency*, No. 13-281, 2014 WL 2968555, at *5 (W.D.N.C. Jul. 1, 2014) (citing 18 U.S.C. § 983(c); 21 U.S.C. § 881(a)(6)). Based on the Supplemental Declaration, the Government now has shown by a preponderance of the evidence that Mr. Butler's payment for the Mercedes was proceeds from drug transactions. *See id.*

Accordingly, it is, this 17th day of December, 2014, hereby ORDERED that

1. The Government's Renewed Motion for Default Judgment and Order of Forfeiture, ECF No. 16, IS GRANTED;

2. A Default Judgment IS ENTERED in favor of the United States of America against the Mercedes;

3. The Mercedes IS FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6), and the United States shall have all rights of title and possession of the Mercedes;

4. The Attorney General, or a designee, IS AUTHORIZED to seize the Mercedes and take exclusive custody and control of it until it may be disposed of in accordance with law; and

5. The Clerk SHALL CLOSE THIS CASE.

/S/
Paul W. Grimm
United States District Judge

lyb